38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Carmen MATIAS, et al., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 93-1328.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 17, 1994.
 
 Before: WALD, SENTELLE and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from a decision of the Federal Communications Commission, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 The Commission dismissed petitioners' application for a permit to construct a new television station because the application lacked a suitable transmitter site, and petitioners had not shown "good cause" to file a curative amendment over sixteen months later. Petitioners contend that the agency's refusal to entertain their amendment reflects an impermissible retroactive application of a new, stringent policy against late filings.
 
 
 3
 Section 405 of the Communications Act of 1934, as amended, provides that a petition to the FCC for reconsideration is a condition precedent to judicial review when the party seeking review "relies upon questions of fact or law upon which the Commission ... has been afforded no opportunity to pass." 47 U.S.C. Sec. 405(2). Petitioners' argument that the Commission decision resulted from an improper retroactive application of a new policy was first brought to the Commission's attention in petitioners' brief to this Court; it is therefore a "question[ ] of ... law upon which the Commission ... has been afforded no opportunity to pass." We have recently interpreted Sec. 405 to require that a similar claim be presented to the agency before this Court would consider it. Petroleum Communications, Inc. v. FCC, 22 F.3d 1164, 1171 (1994) (declining to reach the argument that a Commission decision resulted from a discriminatory application of a particular policy on the ground that the Commission had not been given the "first crack" at it). It is therefore
 
 
 4
 ORDERED and ADJUDGED, by this Court, that in No. 93-1328 the petition is dismissed.
 
 
 5
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).